IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **ERNEST E. COLLINS, #13044** | **PETITIONER** |
| **VERSUS** | **NO. 1:12cv171-LG-JMR** |
| **WARDEN J.J. STREETER** | **RESPONDENT** |

## REPORT AND RECOMMENDATION

This matter is before the Court on Ernest E. Collins' [Collins] Petition [1] for Writ of *Habeas Corpus*. The Respondent has filed an opposition to the Petition [9] seeking dismissal of the Petition. This Court recommends that the Petition for Writ of *Habeas Corpus* [1] should be denied, for the reasons that follow.

## STATEMENT OF THE CASE

Collins filed his petition for Writ of *Habeas Corpus* on May 31, 2012, in which he contends that he received ineffective assistance of counsel because his attorney allegedly failed to perform an investigation; failed to call any witnesses on Collins' behalf and failed to interview a potential expert witness; failed to present any type of defense; failed to timely file a direct appeal on Collins' behalf; failed to discuss discovery with Collins; and failed to object to the testimony of Dr. Matherne, the State's expert witness. [1, p. 5.] Collins also contends that Dr. Matherne's expert testimony was improperly admitted at the trial. (*Id*.)

Collins was convicted on June 26, 2008, on one count of statutory rape; one count of touching for lustful purposes and three counts of sexual battery. [1, p. 1.] His motion for new trial was denied by the Circuit Court of Harrison County, Mississippi, on April 17, 2009. [7-1, p. 149.] He appealed the convictions on grounds of ineffective assistance of counsel to the Mississippi Court of Appeals which issued an opinion in the matter on May 31, 2011, affirming

Collins' convictions. [7-5, p. 64.] The motion for rehearing was denied on September 27, 2011. [7-5, p. 65.] He filed a motion for post-conviction collateral relief [PCR] which was denied by the Mississippi Supreme Court on April 11, 2012. [1, p. 6.]

The respondent asserts that the claim raised in Ground Two of Collins' petition is procedurally barred because he failed to seek a *writ of certiorari* to the Mississippi Supreme Court after the Mississippi Court of Appeals determined that Collins' challenge to Dr. Matherne's testimony was without merit. [6, p. 5.] In addition, the respondent argues that the challenge to trial counsel's performance was considered on the merits by the Mississippi Supreme Court on post-conviction collateral review and is barred from *habeas* review under 28 U.S.C. § 2254(d)(1). [6, p. 10.]

## ANALYSIS

Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254; *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Appellants seeking federal *habeas* relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, a federal *habeas* applicant must present his claims to the state's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied* 523 U.S. 1139 (1998). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005.) An issue that was not properly presented to the state court and which

2

can no longer be litigated under state procedural rules is considered procedurally defaulted, and barred from federal review. *Murphy v. Johnson,* 110 F.3d 10, 11 (5th Cir. 1997). The Court finds that the petition in this case should be dismissed for failure to exhaust.

In the alternative, the Court will address Collins' claims that he is entitled to *habeas* relief based on the admission of Dr. Matherne's testimony, or because he received ineffective assistance of counsel. Under the Antiterrorism and Effective Death Penalty Act [AEDPA], a petitioner is entitled to *habeas* relief only if he can show that the state court decision which denied him relief was contrary to or an unreasonable application of clearly established federal law. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied* 538 U.S. 969 (2003). A state court decision is "contrary to" clearly established Supreme Court precedent when the decision "applies a rule that contradicts the governing law" set out in cases or reaches an opposite result from a case with facts that are "materially indistinguishable." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court determination is an unreasonable application of precedent when the state court correctly identifies legal principals from case law but unreasonably applies it to the facts of a case. *Williams*, 529 U.S. at 407. Under section 2254(e)(1), state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Valdez v. Cockrell,* 274 F.3d 941, 947 (5th Cir. 2001), *cert. denied* 537 U.S. 883 (2002).

In this case, Collins' appeal raised the following issues: (1) the testimony of Dr. J. Donald Matherne was highly prejudicial and served only to bolster the victim's credibility; and (2) trial counsel was ineffective for failing to object to Dr. Matherne's testimony. *Collins v. State*, 70 So.3d 1144, 1145 (Miss. 2011). The state court found that Dr. Matherne's testimony

3

was consistent with admissible testimony given by psychologists in other cases. *Collins*, 70 So.3d at 1147. States are free to implement procedures regarding the admission and/or exclusion of evidence, provided those procedures do not infringe on a constitutional guarantee. *Burgett v. Texas*, 389 U.S. 109, 113-114 (1967).

The Court has examined Collins' claims regarding the state court findings concerning Dr. Matherne and determined that any assertions that Collins is entitled to *habeas* relief are foreclosed by the state court findings. The AEDPA prohibits *habeas* relief unless the adjudication of the claim either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A federal court is to presume a state court's factual findings are correct absent clear and convincing evidence to the contrary. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004). Collins has not presented evidence contrary to the state court findings and has not rebutted the presumption of correctness of those findings by clear and convincing evidence. The Court recommends that Collins' *habeas* petition under ground two should be dismissed because this issue was reviewed by the state court and its findings were not contrary to or an unreasonable application of clearly established federal law.

To prevail on an ineffective assistance of counsel claim under *Strickland*, the defendant must prove: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As more recently explained by the United

4

States Supreme Court:

> To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness. To establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Williams v. Taylor*, 529 U.S. 362, 390-1 (2000) (citations omitted).

Collins claimed that his attorney failed to perform any type of independent investigation into his case, failed to call any witnesses or interview the expert witness in the case, and failed to present any type of trial defense whatsoever. [1, p. 5.] He contends that the attorney failed to file any type of direct appeal, so that Collins was "forced" to file all of his appeals and motions without benefit of the assistance of counsel. (*Id*.) He claims to have never discussed the evidence in discovery with his attorney and that he has never seen a transcript of his case, having been refused a copy by his attorney and the circuit court. (*Id*.) Each of these claims was raised in his application for PCR and denied by the Mississippi Supreme Court. [1-3.]

Collins contends that evidence of sexual activity by S.C. with men other than Collins was available but not presented to the jury. [1-2, p. 12.] He asserts that although he asked several times, his trial counsel never filed an appeal on his behalf, forcing him to proceed on appeal *pro se*. [ ] The appeal record shows that Collins was in fact represented on appeal by Hunter Nolan Aikens, of the Mississippi Office of Indigent Appeals. [1-3, p. 6; 7-5, p. 2.] The appellant brief argued that Dr. Matherne's testimony was inadmissible expert testimony because it only served to bolster the victim's credibility. [7-5, p. 7.] In addition, Collins argued that his trial counsel was ineffective for failing to object to Dr. Matherne's testimony. [7-5, p. 18-21.]

Pretrial motions were filed on Collins' behalf by his attorneys, William Martin and

5

Theressia Lyons. [7-1, p. 43; 7-1, p. 61, 7-1, p. 72.] Lyons objected to the admission of a report allegedly prepared by Dr. Matherne and sought to exclude the Dr. Matherne's testimony in one of the pretrial motions. [7-1, p. 72.] A motion for new trial was filed by Lyons on Collins' behalf on July 10, 2008. [7-1, p. 138-9.] An attorney is not ineffective for failing to raise or preserve a meritless issue. *United States v. Kimler,* 167 F.3d 108, 893 (5th Cir. 1999.)

An appeal was filed on Collins' behalf, thus, the Court concludes that Collins has no basis to establish ineffective assistance of counsel based on his contention that his counsel did not file an appeal for him. Furthermore, to establish prejudice and prove ineffective assistance of counsel, Collins must show that counsel's failure to fully inform him of his appellate rights actually caused him to lose the right to appeal. *See White v. Johnson*, 180 F.3d 648, 653 (5th Cir. 1999).

The Court finds no merit to Collins' attempt to attack the professional competence of his attorney. The attorney's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of "trial strategy" and will not stand as support for an ineffective assistance of counsel claim. *Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir. 1984). Accordingly, the Court concludes that Collins failed to establish that his attorney's actions constituted anything other than trial strategy.

The Court concludes that Collins fails to show that his attorney's performance was deficient. In addition, Collins failed to make the requisite showing that his defense was prejudiced by the attorney's actions. *Strickland*, 466 U.S. at 694. Accordingly, the Court finds no grounds for granting *habeas* relief on Collins' claims of ineffective assistance of counsel.

Based on the foregoing analysis, the Court finds that Collins is not entitled to *habeas*

relief for the claims raised in his Petition. The Court recommends that Collins' Petition [1] for Writ of *Habeas Corpus* should be denied.

## **CONCLUSION**

For the reasons discussed above, this Court recommends that Collins' Petition [1] for Writ of *Habeas Corpus* be denied. In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than May 9, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the district Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1425 (5th Cir. 1996). *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was sent to Collins at his last known address by certified mail, return receipt requested.

This the 25th day of April, 2013.

                                                        s/ John M. Roper, Sr.
                                      CHIEF UNITED STATES MAGISTRATE JUDGE