IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ERNEST E. COLLINS, #13044**                                     **PETITIONER**

**v.**                                        **CAUSE NO. 1:12CV171-LG-JMR**

**WARDEN J.J. STREETER**                                         **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING PETITION FOR FAILURE TO EXHAUST

This cause comes before the Court on the Report and Recommendation of United States Magistrate Judge John M. Roper entered in this cause on April 25, 2013. Magistrate Judge Roper reviewed the Respondents' Response in opposition to Collins' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the state court record. The Magistrate Judge determined that the petition should be denied. After due consideration of the Report and Recommendation, responses from the Petitioner and Respondent, and the state court record, it is the Court's opinion that Collins is not entitled to federal habeas corpus relief. Accordingly, the Magistrate Judge's Report and Recommendation will be adopted as the opinion of this Court, and this case dismissed.

PROCEDURAL HISTORY

Petitioner Collins filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It was reviewed, along with the Respondent's Response, by Magistrate Judge Roper. Judge Roper determined that the grounds asserted in the petition did not entitle Petitioner to relief, because he had failed to exhaust his state court remedies. Judge Roper alternatively found that the grounds asserted in the

petition were without merit. Judge Roper therefore entered a Report and Recommendation finding that Collins' request for habeas relief should be denied. (ECF No. 10).

The Court sent a copy of the Report and Recommendation to Collins at the Marshall County Correctional Facility, where he has been housed since June 2, 2011. (*See* ECF No. 15-1). However, on May 27, 2013, the mail was returned as unclaimed. (ECF No. 11). On December 9, 2013, the Court entered a Final Judgment adopting the Report and Recommendation and dismissing Collins' habeas petition. (ECF No. 14). On January 6, 2014, Collins filed a motion for relief from judgment pursuant to F.R.C.P. 60(b), stating that he never received a copy of the Report and Recommendation, although his address did not change, and requested that the judgment be lifted so that he could file objections to the Magistrate Judge's Report and Recommendation. (ECF No. 15). The motion was granted, and Collins has now filed objections to the Magistrate Judge's Report and Recommendation. The Respondent has filed a response in opposition.

## THE LEGAL STANDARD

When any party objects to the Report and Recommendation, the Court must review the objected-to portions de novo. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will consider the record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The

unobjected-to findings and recommendations are reviewed only to determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). Although Collins' objections appear to consist primarily of a re-urging of his grounds for habeas relief, the Court will conduct a *de novo* review of the record.

## DISCUSSION

Collins filed his petition for federal habeas corpus review claiming ineffective assistance of counsel in that counsel failed to: 1) perform any type of independent investigation into the facts and circumstances of the case; 2) call any witnesses; 3) interview expert witnesses for the defense; 4) prepare or present any type of trial defense whatsoever; 5) discuss the evidence with Collins; and 6) file a direct appeal.

In regard to his claim that counsel did not file an appeal, the record shows that trial counsel, Lyons, was allowed to withdraw from representation after Collins' *pro se* motion for an out of time appeal was granted. (S.R. 158, ECF No. 7-2 at 9). However, the Mississippi Office of Indigent Appeals was appointed in Lyons' place and filed an appellate brief on Collins' behalf. (S.R. Appellant Br., ECF No. 7-5 at 2). Accordingly, Lyons' failure to file an appeal did not prejudice Collins.

In his direct appeal, Collins raised claims that the testimony of Dr. Matherne was highly prejudicial and served to bolster the victim's credibility, and trial counsel was ineffective for failing to object to Dr. Matherne's testimony. (S.R. App.

Br., ECF No. 7-5 at 7).  The Mississippi Court of Appeals concluded that "[w]e find nothing in the record to show 'ineffectiveness of constitutional dimensions'" on behalf of Collins's trial counsel.  Collins's ineffective-assistance-of-counsel claim is dismissed without prejudice to his right to later raise the issue in post-conviction proceedings if he so chooses." (Pet. Ex. D at 7, ECF No. 1-3).  Collins did not seek certiorari review of this judgment.

In Collins' application for leave to file a state petition for post-conviction relief, the Mississippi Supreme Court reviewed the same ineffective assistance of counsel claims made in this federal habeas petition.[1]  The Mississippi court held that,

> Collins fails to include evidence to support the claims and fails to demonstrate that but for counsel's deficient performance the results of the trial would have been different. . . . Furthermore, the claim as to the testimony of Dr. Matherne was raised and addressed on direct appeal and is now barred by the doctrine of res judicata.

(S.R. Order April 11, 2012, ECF No. 7-6 at 2-3).

In his objections to the Magistrate Judge's findings, Collins argues that his allegations of ineffective assistance of counsel in regard to Dr. Matherne's testimony should not be procedurally barred for failure to seek certiorari review.  Collins

---

[1] The Mississippi Supreme Court stated the grounds presented as:
Collins asserts that he was denied effective assistance of counsel because defense counsel only met with him three times prior to his trial, and, at every visit, advised him to plead guilty.  He asserts that defense counsel failed to conduct an independent investigation, failed to call certain witnesses who would have testified on his behalf and failed to adequately prepare for trial.  Collins also asserts that his counsel erred in failing to object to the testimony of Dr. J. Donald Matherne.  (S.R. Order April 11, 2012, ECF No. 7-6 at 2).

asserts that it was his appellate attorney's action, not his own, that resulted in the procedural default. He also contends that as a non-attorney, the language of the appellate court's order confused him, because it did not direct him to continue with his claim by seeking a writ of certiorari from the Mississippi Supreme Court.

The Court must first note that a pro se petitioner's ignorance of the legal significance of certain facts, does not constitute "cause" for a procedural default, as such ignorance is not an objective, external factor preventing him from raising the claim in a prior petition. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). Accordingly, Collins' failure to understand the language of the Mississippi appellate court's order does not allow him to overcome the procedural bar preventing review of Dr. Matherne's testimony.

Next, in order to successfully bring a claim in a federal habeas proceeding that his counsel procedurally defaulted an ineffective assistance of counsel claim, Collins would have had to raise and exhaust, in his petition for post-conviction relief, an independent claim of ineffective assistance of appellate counsel for failure to seek certiorari review. *Hatten v. Quarterman,* 570 F.3d 595, 605 (5th Cir. 2009) ("the claim of ineffective assistance of counsel on direct appeal is an independent constitutional violation, which must itself be exhausted using state collateral review procedures."). Collins did not raise a claim concerning procedural default by his appellate counsel, and therefore the claim cannot be reviewed in this Court.

As to the remainder of Collins' challenges to trial counsel's performance, these allegations were considered on the merits by the Mississippi Supreme Court

on post-conviction collateral review and are barred from habeas review under 28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). Claims of ineffective assistance of counsel are governed by § 2254(d)(1), *Pape v. Thaler*, 645 F.3d 281, 287 (5th Cir. 2011), which provides that federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision was contrary to federal law then clearly established in the holdings of the U.S. Supreme Court, or that it involved an unreasonable application of such law. *Harrington*, 131 S. Ct. at 785. Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. *Id.* at 784.

The state court in this case explained that Collins had not provided any evidence to support his claims, and he had failed to show that the results of his trial would have been different. The ineffective assistance claims in Collins' federal habeas petition are merely restatements of the claims adjudicated by the state court, and he does not attempt to show that there was no reasonable basis for the state court to deny relief. Although Collins invites the Court to review his ineffective assistance claims anew, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 131 S. Ct. at 785. The Magistrate Judge properly found that Collins did not meet his burden to obtain review of these claims.

For these reasons, the Court finds that Collins' Application for Writ of Habeas Corpus should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation of United States Magistrate Judge John M. Roper, entered in this cause on April 25, 2013, is **ADOPTED** as the opinion of this Court.  Petitioner's Application for Writ of Habeas Corpus is **DENIED** and this case is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2014.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE